# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS LEE BUCKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-089-JAR |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Plaintiff Travis Lee Buckner (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **AFFIRMED**.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42

U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias,

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

933 F.2d at 800-01.

## Claimant's Background

Claimant was 33 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant previously worked as a cook helper, machine icer, bench grinder, bagger, and janitor. Claimant alleges an inability to work beginning June 26, 2021 due to limitations resulting from severe anxiety attacks, panic attacks, paranoia, and post-traumatic stress disorder ("PTSD").

## Procedural History

On October 23, 2021, Claimant protectively filed for Supplemental Security Income under Title XVI (42 U.S.C. § 1381, *et seq.*) and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 26, 2023, Administrative Law Judge ("ALJ") Mary M. Renfroe held a telephonic hearing in this case. Thereafter, the ALJ issued an unfavorable decision on October 3, 2023. On January 17, 2024, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that, while Claimant suffered from a severe impairment, he retained the residual functional capacity ("RFC") to perform his past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ erred in failing to properly evaluate the medical and vocational testimony supporting a finding of disability.

**RFC Determination**

In her decision, the ALJ determined Claimant suffered from the severe impairments of anxiety, PTSD, and stimulant dependence, in reported remission. (Tr. 17). The ALJ found none of Claimant's alleged conditions met a listing. (Tr. 18-22). In consideration of her impairments, the ALJ determined that Claimant retained the RFC to perform a full range of work at all exertional levels. (Tr. 22). In so doing, the ALJ determined Claimant had the non-exertional limitations of understanding, remembering, and carrying out simple instructions, maintaining attention and concentration in two-hour increments over the course of an eight-hour workday, interacting with co-workers and supervisors as necessary to learn job tasks, but after the training period and while performing the work would have to interact no more than occasionally, cannot interact with the public, dealing with occasional changes in routine work setting, and must avoid exposure to unprotected heights or dangerous moving machinery. Id. After consultation with a vocational expert, the ALJ found Claimant could perform his past relevant work as a cook helper, machine icer, bench grinder, cart pusher/bagger, and janitor. (Tr. 33-34). The ALJ also found at step five that Claimant could perform the representative jobs of Cleaner II, Dishwasher, Laboratory Equipment Cleaner, Day worker, Industrial Sweeper/Cleaner, Marker, Routing Clerk, and Collator Operator. (Tr. 35). Consequently, the ALJ concluded that Claimant had not been under a

disability from June 16, 2021 through the date of the decision.  (Tr. 36).

Claimant contends the ALJ failed to properly perform the supportability and consistency analysis in evaluating the medical opinion evidence.  Claimant contends the ALJ's finding in the RFC that he could understand, remember, and carry out simple instructions did not recognize the medical opinion evidence that contradicts the finding without explanation.  Specifically, Claimant was found to be disabled as reflected in a decision dated April 12, 2010 when he was a child and was awarded supplemental security income by the Social Security Administration.  (Tr. 80-85).  A report from that proceeding authored by Dr. Denise LaGrand dated August 26, 2008 showed Claimant achieved a full-scale IQ score of 76 and was in the borderline intellectual functioning range.  (Tr. 83).  In the functional reporting by the agency psychologists, Dr. Mary Rolison found Claimant was "not significantly limited" in the mental functional area of the "ability to understand and remember very short and simple instructions" but was "markedly limited" in the "ability to understand and remember detailed instructions."  (Tr. 117-18).  Dr. Stephanie Crall made the same evaluative determination.  (Tr. 138).

Claimant contends his past relevant work all require a Reasoning Level of 2 (one of which requires a Reasoning Level of 3)[2] which is inconsistent with the limitation to understanding, remembering and applying simple instructions.  Jobs designated in the DOT with the General Educational Development Reasoning Level of 2 require a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with

---

2  Cook Helper, DOT 317.687-010, R2; Machine Icer, DOT 524.685-034, R2; Bench Grinder, DOT 705.684-010, R2; Cart Pusher/Bagger, DOT 920.687-014, R2; Janitor, DOT 382.664-010, R3.

problems involving a few concrete variables in or from standardized situations." *DOT*, App. C, 1991 WL 688702. This would appear to be inconsistent with the limitations placed upon Claimant by the ALJ in the RFC. Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)(reversing for the ALJ to address the apparent conflict between the *DOT* and the RFC.). Neither the vocational expert nor the ALJ offered explanation for this deviation from the DOT.

While the Commissioner recognizes a conflict within the various panels of the Tenth Circuit on the issue of whether a vocational expert may rely upon the SVP to determine the complexity of a particular job or whether the reasoning level should determine the appropriate level of activity in comparison to the RFC. This Court has consistently followed the only published opinion on the matter - the Hackett case - to arrive at the conclusion that the reasoning level must be consistent with the level of work established by the ALJ in the RFC or the vocational expert must explain the basis for any discrepancy.

The ALJ then identified a series of representative jobs at step five that Claimant allegedly could perform. All of these jobs, save one, also require a Reasoning Level of 2.[3] The job of Industrial Sweeper/Cleaner requires a Reasoning Level of 1. However, the ALJ and vocational expert must only identify a single job that Claimant may perform to satisfy the step five analysis. *See* Nunn v. Apfel, 149 F.3d 1191, 1998 WL 321189, *2 (10th Cir. 1998)(Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken, if

---

[3] Cleaner III, DOT 919.687.014, R2; Dishwasher, DOT 318.687-010, R2; Laboratory Equipment Cleaner, DOT 381.687-022, R2; Day Worker, DOT 301.687-014, R2; Industrial Sweeper/Cleaner, DOT 389.683-010, R1; Marker, DOT 209.587-034, R2; Routing Clerk, DOT 222.687-022, R2; Collator Operator, DOT 208.685-010, R2.

claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled). Consequently, this Court cannot conclude that the ALJ erred in matching the RFC limitations to jobs in the economy.

Claimant also challenges in the step three analysis. Principally, Claimant suggests that the ALJ erred in her assessment that Claimant failed to establish only a "marginal adjustment" in the paragraph C criteria. 20 C.F.R. Pt. 404, Subpt. P., App. 1 §§ 12.00A2c, G2c. A "'marginal adjustment' means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life." Id. The ALJ concluded that "[t]he record does not establish that [Claimant] is capable of only marginal adjustment." (Tr. 22). The ALJ cited to the record of reported improvement with medication in Claimant's conditions. (Tr. 24-29, 1274, 1390, 2068, 2158, 2353, 2468). Evidence of stability in condition is contrary to a finding of marginal adjustment. Joseph H. v. Kijakazi, 2022 WL 7106243, at *4 (D. Utah Oct. 12, 2022). Claimant also engaged in various outside activities which were inconsistent with marginal adjustment, such as attending church, playing in a church band, cleaning, and volunteering. (Tr. 25-30). The ALJ's findings in the paragraph C criteria is supported by the agency psychologists, which were found persuasive by the ALJ. (Tr. 32, 116, 136). This Court concludes that no error occurred at step three.

Claimant also challenges the ALJ's findings in the RFC. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir.

2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R. 96B8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 31st day of March, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE